## TOOTHAKER vs. CORNWALL.

*Sixth District Court for Sacramento Co., April T.,* 1858.

RES ADJUDICATA—NEGOTIABLE NOTE—DEMAND—NOTICE.

A point once decided by the court of last resort, is conclusive of the law of the particular case, and although the principle may afterwards be overruled, yet it is binding on the court below, the case being remanded for further proceedings.

Payment of a negotiable note may be demanded at any time during banking or business hours (according as the note is payable at bank or otherwise) of the last day of grace, and notice, in case of non-payment, thereupon given to the endorser, will not be premature.

Action brought by the holder against the endorser of a promissory note. The necessary facts are set forth in the opinion.

*J. B. Haggin,* for plaintiff.

*Winans & Hyer,* for defendant.

Botts, J.—On the eighth day of November, 1850, one *Barton Lee* executed and delivered to the defendant his promissory note, whereby he promised to pay to the order of the defendant the sum of five thousand dollars, on the first day of July following, with interest at the rate

of one per cent per month. The note was by the defendant endorsed and delivered to the plaintiff, who is still the owner and holder thereof, and no payment has ever been made thereon. Upon the third day of July, 1851, the plaintiff gave the defendant notice of his inability to find the maker, and of the non-payment of the note ; and at four o'clock, P. M., of the fourth, the agent of the plaintiff again informed the defendant of his inability to find the maker, and that the holder would look to him for payment. The defendant replied that *Lee* was in the mines, and that he would not pay the note unless he was compelled by law, or words to that effect.

It is contended by the defendant's counsel, first, that this case is *res adjudicata ;* and, secondly, that the notice of dishonor was premature, and therefore ineffectual.

This case has already been twice before the supreme court ; and, as it seems to me all the questions raised upon this trial have been considered and finally adjudicated in the court of last resort. Upon the first trial of this cause, my predecessor held that the note matured upon the third day of July, and that evidence of demand and refusal on the fourth was irrelevant. This, upon appeal, was held to be error ; the appellate court determined that the note matured upon the fourth, and remanded the cause for further proceedings. Upon the next trial, the plaintiff proved notice to the defendant at 4 P. M., of the fourth, of his search for and inability to find the maker. Judgment was again rendered for the plaintiff. Upon appeal, the supreme court held that the notice being given before the close of business nours, was premature and ineffectual. The judgment was reversed and the cause remanded.

The questions presented for my consideration are precisely those passed on by the supreme court, in this same case, as reported in 4 *Cal.*, 28. In *McFarland* v. *Pico*, 7 *Cal.*, Oct. T., the court alludes to the general language of Mr. justice HEYDENFELDT, who delivered the opinion in this case, and condemned it. Following in the wake of such authority, I venture to say that I have no doubt that the law enunciated in the opinion of judge HEYDENFELDT, if not limited by the facts of the case, is opposed to the current of authority. I think there is no doubt that the payment of a negotiable note is demandable at any rea-

sonable hour of the day of its maturity, and that upon refusal, notice of hishonor immediately given to the endorser, will not be premature. Nor is there any question that search for, and inability to find the drawer, dispenses with the necessity of demand ; but whether this constructive demand and refusal accrues before the close of business hours, has not been definitively settled. The nearest approach to it is the case of *Hartley* v. *Case*, 1 *Carr. & Payne*, 556. In that case demand being made on the drawer at an early hour of the day, he said he had no funds then, but he expected to pay during the course of the day ; notice of dishonor was immediately given to the endorser. At *nisi prius*, the notice was held premature ; but the court in *banc* are reported as saying that the notice would be effectual or ineffectual as the note might or might not be paid during the day. Their meaning seems to be that although payment is demandable at any hour of the day, the drawer has the whole day to pay, and he may discharge his liability during the day by paying, or tendering the face of the note ; in which event the costs of protest and notice would fall on the holder. This was the case upon which lord *Kenyon* and J. *Buller* differed in *Seftly* v. *Mills*, 4 *Term.* The doctrine of *Hartley* v. *Case* has been affirmed in the case of *Clowes* v. *Chaldecote*, decided by the court of King's Bench, Hilary T., 1839 ; reported 7 *Jurist*, 147.

These were both cases of actual demand and failure of immediate payment. The question decided in *McFarland* v. *Pico*, is the case of actual demand and positive refusal. But it is unnecessary to pursue this inquiry. Had the supreme court, in *McFarland* v. *Pico*, instead of condemning the general language of the opinion, declared that the decision in this case was erroneous, it would have been still the law of the case ; a point once solemnly decided by the court of last resort, is no longer open to investigation, either in the court below, or in the appellate court itself. There would be no end to litigation if the supreme court could review and change its own decisions. Such is the established doctrine, signally enunciated in *Dewey* v. *Gray*, and never, to my knowledge, questioned in any decision of the supreme court. In *Stearns* v. *Aguirre*, 7 *Cal.*, April T., cited by the plaintiff, the court held that a simple judgment of reversal was not necessarily conclusive of the whole merits, but left the case to be tried *de novo* in the court below.

Under such circumstances they will, when the case is again brought before them upon appeal, look to the record to see what points have been, and what have not been passed on before ; holding themselves bound only by what has been actually decided. In this opinion they fully sustain the doctrine of " the law of the case."

Without expressing any opinion upon the case as originally presented, I cannot but consider that whether the principle involved is to be determined by the opinion heretofore delivered in the case or not, the rights of the parties were finally determined by that decision.

Let judgment be entered for the defendant.